IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|          Plaintiff,     ) | |
| -vs-     ) | Case No. CR-09-289-F |
| ARTHUR MORRIS MANNIE, JR.,     ) | |
|          Defendant.     ) | |

**ORDER**

Defendant Arthur Morris Mannie, Jr., a federal prisoner appearing *pro se*, has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See*, doc. no. 159. Plaintiff United States of America has responded in opposition to defendant's motion. *See*, doc. no. 166. The matter is at issue.

I.

On December 4, 2009, defendant entered a plea of guilty to Count 1 of the Indictment, filed on September 15, 2009, charging him with possession with intent to distribute 50 grams or more of a mixture or substance which contains cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). *See*, doc. no. 16. Defendant's plea was entered pursuant to a plea agreement with plaintiff. A violation of § 841(a)(1), involving 50 grams or more of crack cocaine, carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment. 21 U.S.C. § 841(b)(1)(A) (2009).

The initial presentence report was disclosed by the Probation Office on February 4, 2010, to which the parties were permitted to make objections. A

revised presentence report with an addendum was disclosed on March 10, 2010, and subsequently, a final presentence report was disclosed on April 7, 2010. *See*, doc. no. 92. In the final presentence report, defendant, for purposes of guideline computations, was held accountable for 12.4 grams of marijuana, 106.4 grams of powder cocaine and 66.4 grams of crack cocaine. These quantities were converted to a marijuana equivalent of 1,328.01 kilograms, which established a base offense level of 32. However, because the offense involved cocaine base, a two-level reduction was applied pursuant to USSG §2D1.1, Application Note 10(D)(i), resulting in a base offense level of 30. Defendant was assessed a two-level enhancement for possession of a firearm pursuant to USSG § 2D1.1(b)(1), which established an adjusted offense level of 32. But because defendant was determined to be a career offender, pursuant to USSG § 4B1.1, and under USSG § 4B1.1(b), his base offense level was 37 rather than 32. An adjustment for acceptance of responsibility lowered the offense level by three for a total offense level of 34. With a total offense level of 34 and a criminal history category of VI, the range of incarceration, under the advisory sentencing guidelines, was 262 to 327 months' incarceration.

On April 9, 2010, defendant and his counsel appeared for sentencing. The court overruled defendant's objections to the final presentence report, including his objection to the career offender enhancement. The court then sentenced defendant at the bottom of the guideline range – 262 months of incarceration, followed by supervised release for a period of five years. The court also imposed a $17,500 fine and a $100 special assessment. *See*, doc. no. 28. Judgment was entered that same day. *See*, doc. no. 30.

Subsequently, on August 3, 2010, the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220; 124 Stat. 2372, became effective. The FSA reduced the disparity in the treatment of crack cocaine and powder cocaine offenses. It

increased the drug quantities triggering the mandatory minimum for crack trafficking offenses "from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum (while leaving powder at 500 grams and 5,000 grams respectively). § 2(a), 124 Stat. 2372. The change had the effect of lowering the 100-to-1 crack-to-powder ration to 18-to-1." Dorsey v. United States, 567 U.S. 260, 269 (2012). The FSA, however, did not apply to offenders who were sentenced before the law went into effect. United States v. Osborn, 679 F.3d 1193, 1194 n. 1 (10th Cir. 2012).

On April 19, 2010, defendant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *See*, doc. no. 31. Three days later, on April 22, 2010, defendant filed a notice of appeal. *See*, doc. no. 34. Plaintiff filed a motion to hold defendant's § 2255 motion in abeyance pending direct appeal, which the court granted on May 27, 2010. *See*, doc. no. 53. Shortly thereafter, defendant filed a motion to dismiss the § 2255 motion, which the court granted on June 8, 2010. *See*, doc. no. 55.

On direct appeal, plaintiff filed a motion to enforce the appeal waiver which was contained in the plea agreement. The Tenth Circuit granted the motion and dismissed the appeal on July 22, 2010. *See*, doc. no. 57.

Defendant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 on July 14, 2011. *See*, doc. no. 61. With leave of court, defendant filed an amended § 2255 motion. *See*, doc. no. 76. On April 2, 2012, the court, enforcing the collateral challenge waiver contained in the plea agreement, denied defendant's request for relief under § 2255 and denied defendant a certificate of appealability. *See*, doc. no. 81. Defendant did not appeal the court's order. Defendant sought authorization from the Tenth Circuit to file a second or successive § 2255 motion, which the Tenth Circuit denied on February 14, 2013. *See*, doc. no. 85.

On June 22, 2016, defendant, after again requesting and obtaining authorization from the Tenth Circuit, filed a second or successive § 2255 motion to vacate, set aside or correct his sentence, based on Johnson v. United States, 135 S.Ct. 2551 (2015). *See*, doc. no. 91. Plaintiff, in response, moved to enforce defendant's collateral attack waiver, or alternatively, to abate proceedings pending the Supreme Court's decision in Beckles v. United States, 136 S.Ct. 2510 (2016). The court entered an order on January 11, 2017, dismissing defendant's motion pursuant to the appeal waiver. *See*, doc. no. 99. Defendant appealed the court's order to the Tenth Circuit. *See*, doc. no. 105. Upon receipt of a letter from defendant construed as a motion to dismiss, the Tenth Circuit dismissed the appeal on April 17, 2017. *See*, doc. no. 109.

On December 21, 2018, the First Step Act of 2018 ("2018 Act"), Pub. L. No. 115-391, 132 Stat. 5194, became effective. It made certain provisions of the FSA retroactive.

On February 12, 2019, defendant filed a *pro se* motion for imposition of a reduced sentence under the First Step Act of 2018. *See*, doc. no. 112. Prior to the filing of that motion, the Federal Public Defender had entered an appearance on behalf of defendant in accordance with the court's General Order 19-1, appointing the Federal Public Defender to represent all movants under Section 404 of the First Step Act. *See*, doc. no. 111.

On April 12, 2019, plaintiff filed its response to defendant's motion. *See*, doc. no. 115. The government agreed that defendant was eligible for relief under the 2018 Act, but it urged the court, based principally on the defendant's history of violent crime, not to reduce his sentence.

Defendant filed a *pro se* reply on May 6, 2019. *See*, doc. no. 118. Counsel on behalf of defendant also filed a reply on May 16, 2019. *See*, doc. no. 119.

4

Counsel urged the court to reduce defendant's sentence to the mandatory minimum sentence of 120 months.

On June 20, 2019, the court denied defendant's motion. The court stated in part:

> The defendant has had at least seven opportunities over a criminal career lasting at least 29 years to assure a sentencing judge that he no longer presented a threat to society. In evaluating the defendant's request for a new sentence substantially more lenient than the 262 months of incarceration originally imposed, the court readily acknowledges that that 262-month sentence was indeed a long sentence. That was intentional and was not merely the result of reflexively defaulting to a guideline sentence.
>
> Those parts of the 2018 Act which are relevant for present purposes were designed to provide career offenders an opportunity to seek relief from of some of the consequences of their treatment, for sentencing purposes, as career offenders. Thus, by definition, Congress knew, in enacting the 2018 legislation, that it was giving some recidivist offenders an opportunity to seek sentencing relief. Even so, it remains undeniably true that most recidivists are qualitatively different from most other offenders. An offender who comes before the court with one serious criminal episode in his distant past, followed by years of law-abiding behavior, can fairly make the case that, with the benefit of that species of insight which can only come with the passage of time, he should be judged at least as much by his response to his worst moment as by the moment itself. That can be a powerful argument. No such argument is available to a recidivist.
>
> In defendant's long and violent criminal career, he has left a long line of victims in his wake. Notwithstanding defendant's age, and notwithstanding the defendant's notable educational accomplishments while incarcerated, the court is far from satisfied that the public interest would be served by shortening defendant's sentence. The defendant's long criminal career has included notable brutality, in addition to dope dealing. The fact that his battery victims were women – including one victim of aggravated battery – suggests the probability that the defendant has had no compunctions about behaving brutally toward virtually defenseless victims.

> Taking into account all of the § 3553 sentencing factors, the court concludes quite readily, that the interest of the public would be ill-served by according this defendant sentencing relief.

*See*, doc. no. 121, ECF pp. 14-15.

Defendant appealed the court's decision. On August 18, 2020, the Tenth Circuit affirmed that decision. *See*, doc. no. 130.

On September 2, 2022, defendant filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). *See*, doc. no. 135. The court entered an order on October 4, 2022, denying the motion, which it construed as a motion to reconsider the court's June 20, 2019 order. *See*, doc. no. 138. The court also dismissed the motion for lack of jurisdiction to the extent it a reduced sentence under section 404(b) of the First Step Act of 2018; and denied the motion for failure to exhaust administrative remedies to the extent it sought compassionate release under § 3582(c)(1)(A)(i). *Id*.

On January 3, 2024, defendant filed a motion for compassionate release pursuant to § 3582(c)(1)(A)(i). *See*, doc. no. 140. Subsequently, on April 12, 2024, the court dismissed the motion without prejudice for failure to exhaust administrative remedies. *See*, doc. no. 149. Defendant appealed the court's decision. The Tenth Circuit dismissed defendant's appeal for lack of prosecution on August 1, 2024. *See*, doc. no. 162.

Defendant filed the instant motion on July 2, 2024, to which the government responded on September 19, 2024. As extraordinary and compelling reasons warranting compassionate release, defendant relies upon an "unusually long sentence," *see*, U.S.S.G. § 1B1.13(b)(6); "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death;" *see*, U.S.S.G. § 1B1.13(b)(1)(C); "due to personal health risk factors and custodial status,

6

the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to" "an ongoing outbreak of infectious disease" or "an ongoing public health emergency declared by the appropriate federal, state, or local authority;" *see*, U.S.S.G. § 1B1.13(b)(1)(D), and "rehabilitation of the defendant," in combination with other circumstances, *see*, U.S.S.G. § 1B1.13(d).

## II.

"Federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed." United States v. Graham, 704 F.3d 1275, 1277 (10th Cir. 2013), *abrogated on other grounds by* Hughes v. United States, 138 S.Ct. 1765 (2018) (citing Dillon v. United States, 560 U.S. 817, 819 (2010)). "'[A] district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" United States v. Baker, 769 F.3d 1196, 1198 (10th Cir. 2014) (quoting United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006)).

"Congress expressly granted district courts limited jurisdiction to modify sentences in 18 U.S.C. § 3582(c)." Baker, 769 F.3d at 1198. Section 3582(c) reads, in pertinent part, as follows:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

7

> imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

### III.

At the outset, defendant asserts that he has complied with the statute's exhaustion requirement before filing his motion. Plaintiff, in response, agrees with defendant's assertion. Consequently, the court need not consider the exhaustion issue. The Tenth Circuit has ruled that the statute's exhaustion requirement is not jurisdictional; rather, it is a mandatory claim-processing rule, which is subject to waiver or forfeiture. *See*, United States v. Hemmelgarn, 15 F.4th 1027, 1030-31 (10th Cir. 2021). The court therefore proceeds to the merits of defendant's motion.

### IV.

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a district court may grant a motion for reduction of sentence, only if three requirements are met: "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction;" (2) "the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) "the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." United States v. McGee, 992 F.3d 1035, 1042 (10th Cir. 2021). District courts may deny compassionate-release motions when any of the

three prerequisites are lacking, without addressing the others. *Id*. at 1043. On the other hand, when a district court grants a motion for compassionate release, it must address all three steps. *Id*.

Having reviewed the parties' submissions, the court concludes that it need not decide whether defendant has demonstrated the existence of an extraordinary and compelling reason warranting a reduction of sentence. The court finds that the factors in 18 U.S.C. § 3553(a) weigh against compassionate release. Relevant § 3553(a) factors include, but are not limited to, the nature and circumstance of defendant's offense and the history and characteristics of defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

The court adopts its previous factual findings with respect to the § 3553(a) factors. *See*, doc. no. 121, ECF pp. 12-15. In addition, the court has considered defendant's current age—68 years old, his self-improvement efforts, his medical conditions, his current housing at FCI Talladega,[1] the length of sentence defendant has served to date,[2] and the intervening changes in sentencing law cited by defendant. However, the court concludes those factors do not support provide justification for any reduction of the sentence originally imposed by the court. The court thus concludes that compassionate release pursuant to § 3582(c)(1)(A)(i) is not appropriate.

---

[1] According to the Federal Bureau of Prisons, as of September 20, 2024, there were no open cases of COVID-19 at FCI Talladega. *See*, www.bop.gov/about/statistics_inmate_covid19.jsp (last accessed September 24, 2024).

[2] Defendant's projected release date is May 17, 2027. See, www.bop.gov/inmateloc// (last accessed September 24, 2024).

V.

For the reasons stated, defendant Arthur Morris Mannie, Jr.'s Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) Pursuant to the Amended Changes in § 1B1.13 (doc. no. 159) is **DENIED**.

DATED this 25th day of September, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0289p038.docx